■ MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Respondent, v COMMUNITY GENERAL HOSPITAL OF SULLIVAN COUNTY, Appellant.—Judgment of the Supreme Court, New York County, entered June 25, 1979, unanimously reversed, on the law, with costs, and the cause remanded for assessment of damages. Plaintiff, a medical malpractice carrier created by law (Insurance Law, art 19, § 681 *et seq.)* issued a policy of insurance to defendant. Defendant failed to pay the premiums due on the policy and plaintiff sued to recover therefor. After joinder of issue, plaintiff moved for summary judgment. The motion was properly granted and an assessment of damages ordered *(Medical Malpractice Ins. Assn. v Neuman,* 64 AD2d 559; *Medical Malpractice Ins. Assn. v Brooklyn Hosp.,* 70 AD2d 552; *Medical Malpractice Ins. Assn. v New York Med. Coll. Flower Fifth Ave. Hosp.,* 70 AD2d 554). At the hearing plaintiff successfully asserted, as it contended in this court, that the premiums fixed by it were subject to attack only in a proceeding brought before the Superintendent of Insurance and could not be reviewed in an action brought to recover premiums. As a result defendant was precluded by the trial court from cross-examining the head of plaintiff's underwriting department with respect to the calculations upon which the premiums were based. More importantly, defendant was precluded from attempting to establish through its own expert, an actuary, that the premiums, as calculated, had been calculated improperly. This was error and a reversal is mandated. Subdivision 2 of section 684 of the Insurance Law provides that rates, rating plans, rating rules and rating classifications, promulgated by the superintendent with respect to plaintiff, shall be governed by article 8. Sections 183 and 184 of the Insurance Law, both part of article 8, set forth the manner of rate making by insurance carriers and rating organizations and approval of such rates by the Superintendent of Insurance. Subdivision 3 of section 187 provides for judicial review of determinations made by the superintendent and section 34 of the Insurance Law specifies that such review shall be by a proceeding under CPLR article 78. Indeed, shortly before this action was commenced, a totally unrelated proceeding was brought to review the rates originally approved by then acting superintendent and was prosecuted successfully *(Matter of Brooklyn Hosp. v Lennon,* 62 AD2d 1185, mot for lv to app den 45 NY2d 820). Be that as it may, the basic vice in the rulings of Trial Term lay in his confusion of the terms "rates" and "premiums". Rate is defined as "A unit by which a calculation is made" (Ballantine's Law Dictionary, p 1055); a "Proportional or relative value, measure, or degree; the proportion or standard by which quantity or value is adjusted" (Black's Law Dictionary [4th ed], p 1427). Premium, on the other hand, is defined as "The sum paid or agreed to be paid by an insured to the underwriter (insurer) as the consideration for the insurance.

The price for insurance protection for a specified period of exposure" (Black's Law Dictionary [5th ed], p 1063). It is "The agreed price for assuming and carrying the risk—that is, the consideration paid an insurer for undertaking to indemnify the insured against a specific peril" (Ballantine's Law Dictionary, p 644). In short, the rate is the formula by which the premium is calculated. The premium is the product of the application of the rate to the specific risk presented by the insured. Concededly, defendant has no right to question the rate base in the assessment at Trial Term. That could be done only in a proceeding before the superintendent or in a CPLR article 78 proceeding brought to review his determination. However, defendant was at liberty to question the computation of premiums based upon those rates. Indeed, we expressly noted in *Medical Malpractice Ins. Assn. v Brooklyn Hosp.* (70 AD2d 552, *supra*), a case in which we affirmed the granting of summary judgment to plaintiff in an action brought by it against another hospital that (p 554) "If there are questions of computation and application of rates, they are available on the assessment ordered by Special Term. Such matters do not raise triable issues of liability". Similarly, defendant was free to question the computation of the balance due to the stabilization fund. The trial court's refusal to permit it to do either makes it necessary that there be a new assessment. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.