■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respon-

dent, v Fox Run Farms, Inc., Appellant. [600 NYS2d 239] — Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered March 27, 1992, which granted plaintiff's motion for summary judgment in its action to recover $7,635.58 owed for workers' compensation insurance premiums, unanimously reversed, on the law, and the motion denied, without costs.

From 1982 until 1988, the horse farm now owned by Fox Run Farms, Inc. maintained a workers' compensation policy with the State Insurance Fund. The farm was purchased by the current owners in January 1988. During the course of that year, the new owners complained on numerous occasions about the premium charged for workers' compensation coverage.

Workers' compensation premiums are based on payroll and the risk classification of each occupation. An audit of a company's books is performed to determine the risk associated with each employee's position and to establish the payroll amount attributable to each risk classification. The payroll figure is then multiplied by a percentage corresponding to the risk associated with the particular position and the figures totalled to arrive at the premium charge.

The Fund instituted this action on June 22, 1990 and moved for summary judgment on November 21, 1991, prior to any discovery. Fox Run, in its opposition affirmation, requested the opportunity to review the Fund's audit and formally requested the audit worksheets on December 2, 1991. The matter was adjourned until January 3, 1992 and, as the Fund had not yet produced the papers, counsel agreed to further adjourn the matter to January 24, 1992.

On January 21, 1992, defendant received the Fund's reply affidavit containing the requested audit documents. Defendant asked the Fund's attorney for an additional two-week adjournment to allow its accountant, who was unavailable until January 27, to review the documents. Although the Fund's counsel consented, Supreme Court refused further adjournment because the case had been marked final. The parties, however, seem to have been unaware of the court's imposition of finality. In any event, by letter dated January 30, 1992, defendant submitted additional exhibits and affirmations in opposition to the Fund's motion for summary judgment.

Supreme Court found that the accuracy of the payroll figures used by the Fund was substantiated by defendant's own payroll books. The court, however, declined to determine

the propriety of the Fund's classification of certain workers or of the business operated by defendant, reasoning that these issues must first be raised in the context of an administrative proceeding pursuant to CPLR article 78. Finally, the court stated that defendant's affidavit and exhibits submitted with its January 30, 1992 letter were not properly before the court and, in the absence of certificates demonstrating that workers' compensation coverage had been separately obtained on their behalf, did not establish Fox Run's claim that its trainers are independent contractors.

The Fund acknowledges that independent contractors are not employees covered by the Workers' Compensation Law *(Matter of Renouf v New York Cent. R. R. Co.,* 254 NY 349) and states that it is willing to delete charges for employees covered under another policy upon proof of workers' compensation coverage. Unlike questions of classification, which require administrative review *(Commissioners of State Ins. Fund v Mascali-Robke Co.,* 208 Misc 316, *affd* 1 AD2d 945), this is clearly a question of coverage which may properly be determined by the court *(Employers Mut. Liab. Ins. Co. v Bromley,* 4 Misc 2d 702).

The manager of Fox Run, David Siller, submitted two affidavits in opposition to the Fund's motion for summary judgment. The first states that several trainers, listed by the Fund as employees, are actually independent contractors. It further asserts that all of the Fund's errors cannot be identified because Siller was not then in possession of the Fund's audit papers. The second affidavit states that, upon the Fund's request, Siller submitted letters from the trainers together with their employment contracts establishing their status as independent contractors. The affidavit also asserts that, upon a subsequent request, Siller submitted copies of their workers' compensation policies. These policies, however, are not contained in the record.

The Fund argues that the second affidavit should not be considered because it was submitted late and because the Civil Practice Law and Rules do not provide for the submission of additional opposition papers in sur-reply; that the single reference to the trainers' status in Siller's first affidavit is insufficient to warrant consideration of this issue on appeal; and that, in any event, this claim is unsupported by admissible proof.

While the Fund is correct that the unsworn letters and contracts are not in admissible form *(Abrahamsen v Brockway*

*Glass Co.,* 156 AD2d 615), Fox Run demonstrated an acceptable excuse for its failure to meet this strict requirement *(Zuckerman v City of New York,* 49 NY2d 557, 562). Defendant avers that its failure to provide sworn statements regarding the trainers' status results both from Supreme Court's refusal to adjourn the January hearing and from the transient nature of the trainers' work. Where, as here, the party opposing summary judgment needs further opportunity to obtain evidence in opposition to the motion, the appropriate course is to stay the motion or deny it outright with leave to renew (CPLR 3212 [f]; Siegel, NY Prac § 281, at 411 [2d ed]). Moreover, Siller's sworn affidavits are based on personal knowledge and state unequivocally that the trainers are not employees. Thus, even ignoring the letter submission in sur-reply, a material issue of fact is raised, and summary judgment must be denied.

As to the amount claimed to be due in premiums, Fox Run identifies audit errors in the amount of $5,551.70 for 1988 alone and asserts that, given time to examine the audit papers, it will be able to identify additional errors far exceeding the amount claimed by the Fund as premiums due. The Fund argues that defendant's contention is without merit and that certain of the alleged errors were not asserted before Supreme Court and are therefore not reviewable.

In view of defendant's lack of sufficient time to review the audit worksheets belatedly supplied by the Fund, this argument is specious. Fox Run states that the figure of $14,000, used by the Fund as the March 1988 payroll amount, is three times the actual March figure, suggesting that the quarterly figure was used by mistake. Defendant further argues that the Fund charged Siller at the workers' compensation rate for trainers (6.95%), not executives (.54%). Although a rate classification may not be contested in court *(Commissioners of State Ins. Fund v Mascali-Robke Co., supra),* the Fund does not directly address the improper rate applied, claiming only to have charged Siller as an executive officer. Thus, the Fund tacitly concedes that it used the incorrect rate, which would constitute an overcharge of at least $830. Defendant also contests several "unexplained" charges and, while the Fund offers seemingly viable explanations, the papers submitted do not permit assessment of the validity of the entire audit. Accordingly, the grant of summary judgment in the amount claimed by the Fund was inappropriate. Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.