[619 NYS2d 456]

In the Matter of MARTIN DI PIETRO, Doing Business as MAR-
TIN'S SHOWS, Appellant, v STATE INSURANCE FUND, Re-
spondent.

Fourth Department, November 16, 1994

APPEARANCES OF COUNSEL

*David Gerald Jay,* Buffalo *(David Colligan* of counsel), for appellant.

*Raymond C. Green,* New York City, for respondent.

**OPINION OF THE COURT**

BALIO, J.

Respondent, the State Insurance Fund, issued a policy of workers' compensation insurance to petitioner, the owner and operator of a carnival business, for a one-year period commencing April 13, 1992. Petitioner paid the amount of the premium that was billed to him at that time. Based upon a field audit, respondent determined that petitioner had 20 employees, rather than the 7 employees claimed by petitioner

in his application for insurance. Respondent notified petitioner that, based upon its audit, an additional premium of $34,339 was due. On August 19, 1992, respondent further notified petitioner that, if the past due premium was not paid, the existing workers' compensation policy issued to petitioner would be cancelled.

Petitioner commenced this CPLR article 78 proceeding to challenge respondent's calculation of the additional premium. Specifically, petitioner contended that respondent erred in determining the number of persons employed by petitioner. Respondent cross-moved to dismiss the petition upon the ground that petitioner failed to exhaust his administrative remedies pursuant to Insurance Law § 2339 (d). Supreme Court dismissed the petition concluding that the matter was not ripe for judicial review and that petitioner failed to exhaust his administrative remedies by not appealing to the Superintendent of Insurance.

█ The court erred in concluding that this proceeding was not ripe for judicial review. Ripeness is distinct from the exhaustion requirement *(Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 192). Ripeness concerns the finality and effect of administrative action; the exhaustion requirement concerns whether administrative procedures are available to review that action *(see, Matter of Ward v Bennett,* 79 NY2d 394, 400; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 521, *cert denied* 479 US 985). A matter is ripe for judicial review when "the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" *(Williamson Planning Commn. v Hamilton Bank, supra,* at 193). Respondent calculated the amount of additional premium owed by petitioner, notified petitioner of the additional premium amount due and further notified petitioner that his policy would be cancelled if the premium remained unpaid. Thus, the decisionmaker arrived at a definitive position, and its decision inflicted an actual injury (additional premium due) upon petitioner.

█ The court also erred in concluding that, because he did not appeal respondent's premium calculation to the Superintendent of Insurance pursuant to Insurance Law § 2339 (d), petitioner failed to exhaust his administrative remedies. The remedy of an appeal to the Superintendent applies only where a party seeks to challenge the rate in excess of the rate established by the Workers' Compensation Insurance Rating Board *(see,* Insurance Law § 2339 [d]; *St. Paul Fire & Mar. Ins.*

*Co. v Capri Constr. Corp.*, 78 NY2d 1016). Petitioner does not challenge the rate; he challenges only the payroll figure relied upon by respondent in calculating the premium. The payroll figure is, of course, based upon the number of persons employed by petitioner. The calculation of the amount of premium is distinct from the determination of the rate, or percentage, that is also used in the calculation of the premium *(see, Commissioners of State Ins. Fund v Fox Run Farms*, 195 AD2d 372, 373; *cf., Medical Malpractice Ins. Assn. v Community Gen. Hosp.*, 73 AD2d 867).

■ We nevertheless conclude that petitioner failed to exhaust his administrative remedies. The regulations of the State Insurance Fund authorize a party aggrieved by a premium differential assigned to his policy to seek the review of that determination by a three-member committee appointed by the Executive Director of the Fund *(see,* 12 NYCRR 452.1, 452.2). We reject the contention of petitioner that 12 NYCRR 452.1 allows him to institute an article 78 proceeding challenging the imposition of the premium differential without first exhausting that administrative remedy. Section 452.1 authorizes an insured aggrieved by a premium differential assigned to his policy to seek administrative review of that differential and provides that, if the insured elects to pursue that administrative review, "he shall be deemed to have elected such means as the exclusive means for challenging such differential, and to have relinquished any and all other rights to offer any challenge he may have possessed, whether at common law or otherwise." Consistent with that provision, petitioner could have paid the contested premium differential and could have elected the common-law remedy of a suit for damages in the Court of Claims. In that action, petitioner could challenge the correctness of the premium by seeking a refund of the alleged overpayment *(see, Constantino v State of New York*, 99 Misc 2d 362). Also, if sued by the State Insurance Fund for unpaid premiums, petitioner could challenge the Fund's calculation of the premium by raising that issue as a defense in that action *(see, Commissioners of State Ins. Fund v Fox Run Farms*, 195 AD2d 372, *supra; cf., Medical Malpractice Ins. Assn. v Community Gen. Hosp.*, 73 AD2d 867, *supra; Medical Malpractice Ins. Assn. v Brooklyn Hosp.*, 70 AD2d 552). Petitioner, however, has no common-law remedy in the nature of a writ of mandamus to review without first exhausting his administrative remedies. The exhaustion of administrative remedies is a condition precedent to the commence-

ment of an article 78 proceeding *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Where a right to proceed by administrative appeal exists, a party must pursue that appeal before seeking judicial review *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). We conclude that 12 NYCRR 452.1 does not, expressly or by implication, eliminate that requirement.

Accordingly, this article 78 proceeding was properly dismissed, and the judgment appealed from should be affirmed.

PINE, J. P., CALLAHAN, DAVIS and BOEHM, JJ., concur.

Judgment unanimously affirmed, without costs.