■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEXANDER LAWS, Respondent. [623 NYS2d 860] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about July 12, 1993, which granted defendant's motion to suppress certain physical evidence, is affirmed.

The People's only witness at the *Mapp* hearing, New York City Police Officer William Planeta, testified that on June 21, 1992 he and his partner were on anti-crime patrol in the 30th Precinct when they noticed a car, double parked, in front of a building which was a well-known narcotics location. Officer Planeta stated that as he drove by, he noticed defendant had a briefcase on the dashboard and that the vehicle had Connecticut license plates. Officer Planeta continued that as a former narcotics team member, the license plates made a special impression on him as he was aware that individuals came from out of State to purchase wholesale quantities of narcotics

in the area and that as a result, he "thought perhaps [defendant] or somebody that he was with, were there to buy drugs."

Officer Planeta testified that he and his partner made a U-turn and ran the license plate of the car and were subsequently informed that the vehicle was rented. Officer Planeta contended that it was his experience that out-of-State persons who came into New York to buy drugs often used rental vehicles because of New York's forfeiture laws.

The car which defendant occupied had left when the officers returned but Officer Planeta testified that it was spotted a short distance away because it had a broken tail light. The officers pulled the car over and Officer Planeta, using a flashlight, noticed what he believed to be a holster protruding from under defendant's left elbow. The officer stated that he pushed defendant's arm away, reached in and removed a nine millimeter pistol from defendant's person. The officers also found a "marijuana cigarette" on the dashboard. Defendant was subsequently arrested.

Officer Planeta, in articulating his reasons for stopping the vehicle, testified that: "one, where the vehicle was parked, opposite this drug location, at this late hour of the night; two, it was a rental car from out of state with a broken tail light." Pursuant to Officer Planeta's testimony, a broken tail light on a rental vehicle indicated to him that the car may have been stolen as rental companies do not rent cars in a defective condition.

Defendant moved to suppress the physical evidence and by decision and order dated July 12, 1993, the hearing court granted the motion. The People appeal and we now affirm.

It is clear from the foregoing testimony that the traffic violation was not the reason the officers pulled the defendant's car over but, rather, that they were motivated by the unsupported suspicion that criminal activity was afoot. Since a traffic violation may not be utilized as a pretext to investigate defendant on an unrelated matter (People v Lewis, 195 AD2d 523, 524, lv denied 82 NY2d 898; People v Watson, 157 AD2d 476, lv dismissed 75 NY2d 971; People v Llopis, 125 AD2d 416, 417), suppression was properly granted as the evidence seized was the fruit of an unjustified stop. Concur—Asch, Rubin and Tom, JJ.

Ross, J. P., and Nardelli, J., concur in the result on constraint of People v May (81 NY2d 725), and People v Spencer (84 NY2d 749).