■ The People of the State of New York, Appellant, v Manuel Rijo, Respondent. [632 NYS2d 4] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about December 9, 1993, which, upon reargument, granted defendant's motion to suppress physical evidence, unanimously affirmed.

Suppression was properly granted as the evidence seized was the fruit of an unjustified stop. The testimony of the People's only witness at the suppression hearing clearly established that the traffic violation for which the cab in which defendant was a passenger was stopped was merely a pretext to investigate defendant on an unrelated matter. In particular, we note the failure of the police officers to check on the cab's license plate or to issue its driver a summons (see, People v Laws, 213 AD2d 226, lv denied 85 NY2d 975). Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.

■ Commissioners of the State Insurance Fund, Respondent, v Allou Distributors, Inc., Appellant. [632 NYS2d 5] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered January 18, 1995, which, upon plaintiff insurer's motion for summary judgment, awarded it damages of $49,913.60, plus interest, against defendant insured for unpaid workers' compensation premiums, unanimously affirmed, without costs.

Plaintiff's business records, which included the insurance application, audit worksheets and resulting invoices and statement of accounts for a balance due, were sufficient to make out a prima facie showing of entitlement to judgment as a matter of law that defendant's summaries of its payroll, which included no underlying documentation or substantiating proof, failed to rebut (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324-326). Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.