■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v KENNETH YESMONT & ASSOCIATES, INC., Respondent. [640 NYS2d 86] —Order of the Supreme Court, New York County (Lorraine Miller, J., upon decision of Carmen Beauchamp Ciparick, J.), entered November 10, 1994, which denied plaintiff's motion for summary judgment and remanded to the Superintendent of Insurance the issue of payroll classification for the purpose of reviewing the assessment of workers' compensation premiums, unanimously reversed, on the law, without costs, and summary judgment granted to plaintiff in the amount of $16,369.75. The clerk is directed to enter judgment accordingly.

Plaintiff State Insurance Fund brought this plenary action to recover the sum of $18,135.35 in premiums alleged to be due from defendant Kenneth Yesmont & Associates for workers' compensation coverage. The amount sought includes defendant's liability for premiums due from subcontractors it had engaged which failed to provide workers' compensation coverage for their employees.

Plaintiff questioned the validity of some of the certificates of insurance coverage offered by defendant to demonstrate the insured status of its subcontractors. Following submission of defendant's answer to the motion, plaintiff conducted a re-audit of defendant's books, resulting in a reduction of the amount determined to be due by $1,763.60. Supreme Court denied plaintiff's motion for summary judgment as premature and referred the matter to the Superintendent of Insurance for administrative review.

Insurance Law § 2339 (d) provides that an employer may seek review by the Superintendent of Insurance of the premium rate charged for workers' compensation coverage. However, there is no indication in the record that such review was ever sought. In any event, defendant does not challenge merely the classification of certain workers but its responsibility to provide workers' compensation coverage for these workers at all. As this Court stated in *Commissioners of State Ins. Fund v Fox Run Farms* (195 AD2d 372, 374), "Unlike questions of classification, which require administrative review (*Commissioners of State Ins. Fund v Mascali-Robke Co.*, 208 Misc 316, *affd* 1 AD2d 945), this is clearly a question of coverage which may properly be determined by the court (*Employers Mut. Liab.*

*Ins. Co. v Bromley*, 4 Misc 2d 702)" (*see also, Matter of Di Pietro v State Ins. Fund*, 206 AD2d 211). Therefore, plaintiff's summary judgment motion should have been decided on the merits.

On this record, we find that summary judgment should be granted to plaintiff for the amount requested in its reply affirmation. With respect to the subcontractors for which insurance coverage was disputed, plaintiff sufficiently demonstrated that defendant failed to raise an issue of fact with respect to workers' compensation coverage for the period involved in the premium audit (*cf., Commissioners of State Ins. Fund v Fox Run Farms*, 195 AD2d 372, *supra*). The accuracy of plaintiff's premium audit calculations or the payroll figures on which they are based have not been disputed at any stage of this action (*cf., Commissioners of State Ins. Fund v Fox Run Farms, supra*). Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.