McCooe, J.P
(dissenting in part). The majority dismissed the appeals on procedural grounds which leaves standing the motion court’s denial of the motion and cross motion for summary judgment. This opinion reaches the same result on the merits.
This is an action seeking to recover unpaid premiums and interest on a workers’ compensation insurance policy issued by the State Insurance Fund (SIF) to the defendants. SIF is a state agency authorized to issue workers’ compensation policies and collect premiums. The policy was canceled for nonpayment of premiums.
*16 Plaintiff moved for summary judgment and defendants cross-moved for summary judgment and dismissal of the complaint contending that State Finance Law § 18 (10) required SIF, as a condition precedent to the lawsuit, to offer either an agreement to defer collection of the debt, an installment plan or other reasonable arrangement to reduce a hardship on the public prior to the commencement of the action. SIF contended that no installment plan or other accommodation was arranged because defendants refused to acknowledge the debt. SIF also alleged “upon information and belief’ that an offer to reduce the debt was made by its collection agent and was rejected. Defendants denied any offer was made by SIF to reduce the debt.
The motion court denied the motion and cross motion and in its analysis of State Finance Law § 18 (10) held that SIF was required to determine as a condition precedent and prior to the commencement of an action for debt collection whether such collection would jeopardize a debtor’s fiscal viability and threaten public harm. It further held that the failure to conduct such public hardship review prior to the commencement of an action would mandate dismissal and that “whether SIF conducted the review before commencing this action is the material factual issue precluding summary judgment.”
Based upon responses in a motion to admit, the defendants made a second motion for summary judgment and SIF cross-moved for reargument essentially contending that state agencies are not required to conduct a hardship review prior to the commencement of an action to collect a debt.
The motion court denied the motion and cross motion but altered its reasoning from the previous decision in finding that while a hardship review is not a condition precedent to commencing a lawsuit, such review is nevertheless required at some point. The motion court held, “upon a motion for dismissal where defendants establish noncompliance, it will deprive the state agency of the capacity to maintain an action for a debt and subject the agency to a conditional dismissal if the agency does not comply within a reasonable time.” The motion court additionally found that SIF is required to conduct a public hardship review in every case prior to the collection of a debt even when “the agency receives a debtor’s voluntary payment.” The motion court reiterated that a factual issue whether a hardship review took place precluded summary judgment for the defendants.
SIF contends that a hardship review is required only when there is an agreement as to the amount due, a requirement by *17 the State for immediate payment and a “claim from the debtor that the immediate payment of the debt would jeopardize its fiscal viability and cause a public hardship.” SIF maintains that only after these three conditions are met is it required to conduct a hardship review and only after it determines that a hardship exists is an offer for an ameliorative payment option, as set forth in State Finance Law § 18 (10), required. Finally SIF argues that a hardship review would never be mandated in the case of voluntary payment by a debtor, particularly since the offer of voluntary payment would indicate an ability to make payment and a lack of fiscal jeopardy. SIF also argues that following the reasoning of the first order, a hardship review is required even in the case of a debtor in default, and that a review could not be conducted without the cooperation of the debtor. Defendants maintain that the motion court’s initial conclusion that a hardship review is required as a condition precedent to commencing an action was correct and requested the motion court to search the record and grant summary judgment dismissing the complaint.
Procedurally, the second order constitutes an appealable order despite purportedly denying reargument. It has been held that “[t]he motion court, while stating in the order on appeal that reargument is denied, in effect granted reargument in a reconsideration that actually decided the motion on a different ground; accordingly, the order is appealable” (Buccella v Hofstra Univ., 288 AD2d 118, 118 [1st Dept 2001]). Moreover the second order which effectively granted reargument through its “clarification” could be deemed to have superceded the initial order (Centennial Restorations Co. v Wyatt, 248 AB2d 193 [1st Dept 1998]).
As to the merits, State Finance Law § 18 (10) provides:
“Every state agency to which this section is applicable is authorized to enter into written agreements with any debtor under which such debtor is allowed to satisfy liability for payment of any debt, including any interest imposed by this section on that portion of such debt as to which an extension is granted, in installment payments if the state agency determines that such agreement will facilitate collection of such liability. Provided further, that where such state agency determines that the immediate collection of the debt would jeopardize the debtor’s fiscal viability and thereby pose a hardship to the public, such agency shall offer to enter into a writ *18 ten agreement to temporarily defer collection of the debt, collect the debt on an installment basis, or make other arrangements to reduce such hardship on the public of collecting the debt.”
State Finance Law § 18 (7) provides, “[t]he state director of the budget shall promulgate such guidelines as the director deems necessary to carry out this section.” The guidelines issued by the director of the budget, which the motion court took judicial notice of, sets forth as a primary goal “to implement effective and efficient management and collection of accounts receivable.” Concerning the criteria for when an accommodation should be reached with a debtor, the guidelines set forth the following criteria: The debtor has demonstrated fiscal hardship to the state agency or its agent; or if the State or its agent determinates that the immediate collection of the debt would jeopardize the debtor’s fiscal viability and in doing so could pose a hardship on the public. This determination should be based on the judgment of the agency that the debtor provides employment, services and/or goods which are important to the public welfare. The guidelines make reference to a debtor’s “request” for said payment accommodation.
The language of the statute is perfectly clear. “Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76).
Furthermore, “the primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]). “Rules of statutory construction should not be permitted to override the doctrine that the intent of the legislative body is always the primary object of all statutory construction, as courts need only to resort to rules of construction where the intent is unclear . . . and no statute should be construed so strictly or narrowly so as to pervert the evident legislative objectives” (Pardi v Barone, 257 AD2d 42, 45 [3d Dept 1999]; see also, Matter of Bath & Hammondsport R.R. Co. v New York State Dept. of Envtl. Conservation, 73 NY2d 434 [1989] [the purpose of the rules of statutory construction is to assist in ascertaining legislative intent, not to defeat it]; Park W. Vil. Assoc, v Nishoika, 187 Misc 2d 243 [App Term, 1st Dept 2000]).
The Bill Jacket for this legislation (L 1992, ch 55) provides that its purpose is to “allow State agencies to more effectively *19 collect non-tax revenue owed to the State,” with an expected fiscal impact of $15 million in additional revenue. Upon consideration of these principles and legislative purpose, it is clear that the intent of the statute is to give the State flexibility to generate revenue through the collection of outstanding debts and not, as the motion court found, to make debt collection more difficult through a lengthy and labor intensive review of the individual debtor’s financial viability. Accordingly, it cannot be concluded that a hardship review is required in every case, nor is there any language in the statute supporting a hardship review as a condition precedent.
Both the statute and guidelines make clear that a payment accommodation may be available when a debtor contacts the State and establishes the statutory criteria. Arguably defendants’ letter setting forth numerous conversations and attempts to resolve the matter could be viewed as such a request. Although SIF maintains that a written agreement as to the sums owed must be arranged prior to such accommodation being reached, it is unclear from the record what transpired during those negotiations, as well as the alleged offer to reduce the debt as outlined in the collection agent’s letter.
Finally, SIF’s request that this court search the record and grant summary judgment on the unpaid premiums claim should be denied. Although summary judgment has been routinely granted to SIF on unpaid premium claims (see, Commissioners of State Ins. Fund v DiPietro, 289 AD2d 46 [1st Dept 2001]; Commissioners of State Ins. Fund v Country Carting Corp., 265 AD2d 158 [1st Dept 1999]; Commissioners of State Ins. Fund v Allou Distribs., 220 AD2d 217 [1st Dept 1995]; Commissioners of State Ins. Fund v Kenneth Yesmont & Assoc., 226 AD2d 147 [1st Dept 1996]), such summary disposition was appropriate where “defendant never disputed the amount of premiums sought by plaintiffs” (Commissioners of State Ins. Fund v Kingsway Auto Transp. Corp., 238 AD2d 127, 127 [1st Dept 1997]). Factual issues as to the amount of premiums due, whether there was a request for a hardship and, if so, whether the defendants have established the statutory criteria for a written agreement preclude summary judgment.
Finally with respect to the counterclaim for an overcharge, “the claim for recoupment of Workers’ Compensation premium overpayments was properly brought in the Court of Claims” (Fink Trucking v State of New York, 264 AD2d 582, 582 [1st Dept 1999]; see also, Commissioners of State Ins. Fund v *20 J.D.G.S. Corp., 253 AD2d 368 [1st Dept 1998]; Commissioners of State Ins. Fund v Mathews & Sons Co., 131 AD2d 301 [1st Dept 1987]).
The orders entered September 7, 2001 and November 12, 2002 should be affirmed for the reasons stated herein.
Davis and Gangel-Jacob, JJ., concur; McCooe, J.E, dissents in part in a separate opinion.