Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 28, 2011, which denied, as premature, plaintiff insurer’s motion for summary judgment on its claim for $161,776.75 in unpaid workers’ compensation premiums plus interest, and to dismiss defendants’ affirmative defenses, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff moved for summary judgment on the basis of, inter alia, audit worksheets that revealed that defendants owed an additional $161,776.75 in premiums for coverage supplied by plaintiff. In opposition, defendants disputed two aspects of plaintiff’s audit. First, defendants argued that plaintiff had improperly billed them for coverage of two employees of their subcontractor Z&K, as Z&K had covered the employees under its own policy with plaintiff. Second, defendants asserted that plaintiff had misclassified one of their employees and thus charged a higher premium than warranted by her work. Defendants’ arguments are unavailing.
Under the plain terms of Z&K’s workers’ compensation policy, the two Z&K employees at issue were expressly excluded from coverage. Accordingly, plaintiff had properly billed defendants for coverage of those employees.
*508 Defendants’ failure to exhaust administrative remedies rendered their misclassification argument inappropriate for judicial review (see Commissioners of State Ins. Fund v Yesmont & Assoc., 226 AD2d 147, 147 [1st Dept 1996]). Defendants argue that it would have been futile to seek review because the administrative agency only reviews challenges to classifications that are made within 12 months of the end of a policy term, and the audit at issue occurred more than 12 months after the end of two of the three applicable policy terms. Under the facts of this case, we are compelled to reject defendants’ argument. The audit of the third policy period was completed in time for defendants to seek administrative review, and the agency’s review of that period would have been determinative of all the issues in that period.
Even if the misclassification issue is reviewable, plaintiffs motion is not premature and should have been granted. Defendants never stated what classification code should have been assigned to the subject employee. If the employee was, indeed, improperly classified, that information would be in the exclusive possession of defendants, not plaintiff. Indeed, it was defendants who hired, supervised, and paid the employee, and thus they would know the exact nature of her work. Further, plaintiff assigned the employee a code for “painting/decorating,” based on worksheets and other documentation provided by defendants during the audit; defendants, while protesting the classification, admitted that the employee had been paid for “painting” work, which confirms plaintiff’s classification. Concur — Friedman, J.E, Catterson, Renwick, DeGrasse and Román, JJ.