Commissioners of the State Ins. Fund v Titanium Interiors, Inc. (2020 NY Slip Op 01259)





Commissioners of the State Ins. Fund v Titanium Interiors, Inc.


2020 NY Slip Op 01259


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11084 403442/10

[*1] Commissioners of the State Insurance Fund, Plaintiff-Appellant,
v
Titanium Interiors, Inc., Defendant-Respondent.


Peter Cusick, New York (Isaac N. Guy Okafor of counsel), for appellant.
Lugara PLLC, Brooklyn (Lorenzo Lugara of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered January 30, 2019, which, to the extent appealed from, denied in part plaintiff's motion for summary judgment on its claim for unpaid workers' compensation premiums with interest to run from the date the policy was canceled, unanimously reversed, on the law, without costs, and the motion granted in its entirety.
Plaintiff's business records, which include the insurance application, audit worksheets, and resulting invoices and statement of accounts for a balance due, establish prima facie that it is entitled to judgment in the full amount that it sought (see e.g. Commissioners of State Ins. Fund v Allou Distribs. , 220 AD2d 217 [1st Dept 1995]). In opposition, defendant failed to raise an issue of fact. Defendant claims that plaintiff incorrectly included already insured subcontractors in its premium calculations, but it failed to submit evidence supporting the claim, such as certificates of insurance for those subcontractors claimed to have obtained coverage otherwise (see Commissioners of State Ins. Fund v Yesmont & Assoc. , 226 AD2d 147, 148 [1st Dept 1996]). Statutory interest should be calculated from the date of the cancellation of the policy (see Workers' Compensation Law § 93[a]; see also CPLR 5004).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK