Commissioners of the State Ins. Fund v Sanitation Salvage Corp. (2020 NY Slip Op 05808)





Commissioners of the State Ins. Fund v Sanitation Salvage Corp.


2020 NY Slip Op 05808


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 452400/17 Appeal No. 12059-12059A Case No. 2019-05489 

[*1]Commissioners of the State Insurance Fund, Plaintiff-Respondent,
v
Sanitation Salvage Corp., Defendant-Appellant.


Trivella & Forte, LLP, White Plains (Arthur J. Muller III of counsel), for appellant.
Michael Totaro, New York, for respondent.



Judgment, Supreme Court, New York County (Robert David Kalish, J.), entered November 19, 2019, awarding plaintiff Commissioners of the State Insurance Fund (SIF) the total amount of $650,193.38, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 8, 2019, which granted SIF's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
SIF's unrebutted business records in the form of an insurance application from defendant Sanitation Salvage Corporation (Sanitation), its policy, the audit reports, and the resulting statements were sufficient to make out a prima facie showing of entitlement to judgment as a matter of law (see Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d 355 [1st Dept 2006]; Commissioners of State Ins. Fund v Country Carting Corp., 265 AD2d 158 [1st Dept 1999]; cf. Atlantic Mut. Ins. Co. v Joyce Intl., Inc., 31 AD3d 352 [1st Dept 2006]). Contrary to Sanitation's claims, SIF's business records were adequately authenticated by SIF's underwriter, who was familiar with Sanitation's record keeping and had personal knowledge of the facts and circumstances surrounding Sanitation's insurance policy based on her review of the records. Moreover, we reject defendant's argument that plaintiff's affiant could not lay a foundation for the SIF auditor worksheets because she did not create them (see People v Kennedy, 68 NY2d 569, 578 [1986]; General Bank v Mark II Imports, 290 AD2d 240, 241 [1st Dept 2012]). Rather, she could lay a foundation by establishing that the records were made in the normal course of SIF's business, and that the data in the statement of account and audit worksheets were input contemporaneously with or shortly after the particular transaction occurred (CPLR 4518[a]).
Sanitation failed to raise a triable issue of fact, as it submitted only an attorney affirmation claiming that SIF miscalculated its premiums, which has no probative value in opposition to a summary judgment motion (see Ramnarine v Memorial Ctr. for Cancer and Allied Diseases, 281 AD2d 218, 219 [1st Dept 2001]). Sanitation also failed to show that SIF's motion was premature and that additional discovery was warranted since the records that would support its arguments regarding SIF's purported
miscalculations would be within its own possession (see Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired, 118 AD3d 1454, 1456 [4th Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020