Wesco Ins. Co. v Hi-Rise Steel Inc. (2022 NY Slip Op 01432)





Wesco Ins. Co. v Hi-Rise Steel Inc.


2022 NY Slip Op 01432


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 160190/19 Appeal No. 15454 Case No. 2021-02948 

[*1]Wesco Insurance Company, Plaintiff-Respondent,
v
Hi-Rise Steel Inc. et al., Defendants-Respondents, Samuel Sainplice, Defendant-Appellant.


Elefterakis Elefterakis & Panek, New York (Gennaro Savastano of counsel), for appellant.
Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for Hi-Rise Steel Inc., Amram Tuizer and John Doe, respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about February 8, 2021, which, to the extent appealed from, granted plaintiff Wesco Insurance Company's motion for summary judgment declaring that it has no duty to defend or indemnify Hi-Rise Steel Inc. or Amram Tuizer in the underlying personal injury action commenced by Samuel Sainplice, unanimously affirmed, without costs.
Sainplice's contention that the affidavit submitted by Wesco was not properly notarized by a notary public's stamped or printed signature is meritless (see Executive Law § 137). The key requisite of a signature is intent; thus, printed and typewritten signatures have been upheld as valid (see General Construction Law § 46; Brooklyn City R.R. Co. v City of New York, 139 Misc 691, 691-692 [App Term, 2d Dept 1930]; Parkhill v Cleary, 305 AD2d 1088, 1089 [4th Dept 2003]). Sainplice's challenge to the authenticity of the documentary evidence submitted on the summary judgment motion is likewise meritless. A party may properly authenticate evidence through any person claiming personal knowledge, including its agent (see U.S. Bank N.A. v Hossain, 177 AD3d 547, 548 [1st Dept 2019]). Thus, the affidavit of the vice president of Wesco's general managing agent sufficiently authenticated the Wesco policy, as he averred that he was fully familiar with the facts and circumstances provided in his affidavit and through his review of the records maintained in the ordinary course of the managing agent's business (see Commissioners of the State Ins. Fund v Sanitation Salvage Corp., 187 AD3d 537, 537 [1st Dept 2020]).
Wesco was not estopped from denying coverage based on its disclaimer for failure to comply with the policy's cooperation clause. Defendants were not named insureds and thus coverage, which did not otherwise exist, could not have been created by estoppel (see Matter of U.S. Specialty Ins. Co. v Navarro, 169 AD3d 415, 416 [1st Dept 2019], lv denied 34 NY3d 903 [2019]). Based on admissible evidence, and the fact that Wesco was not estopped from denying coverage, the court properly found that neither Hi-Rise Steel nor Tuizer qualified as insureds under the Wesco policy, which identified only Hi-Rise Supply Corp. and HR Steel Inc. as named insureds.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022