Commissioners of the State Ins. Fund v Call-A-Head Corp. (2024 NY Slip Op 02498)

Commissioners of the State Ins. Fund v Call-A-Head Corp.

2024 NY Slip Op 02498

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 450810/21 Appeal No. 2223 Case No. 2023-05887 

[*1]Commissioners of the State Insurance Fund, Appellant,
v
Call-A-Head Corp., et al., Respondents.

State Insurance Fund, New York (Isaac N. Guy Okafor of counsel), for appellant.
The Scher Law Firm, LLP, Garden City (Austin Graff of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered November 14, 2023, which denied the motion of plaintiff Commissioners of the State Insurance Fund (SIF) for summary judgment against defendants in the amount of $943,018.60 with leave to renew following the completion of discovery, unanimously reversed, on the law, without costs, and the motion granted.
SIF established prima facie entitlement to summary judgment through submission of its business records, which include defendants' insurance policy, the requests for the inclusion of defendants Charles Howard and Call-A-Head Corp., statements of account, audit worksheets, and a balance summary that demonstrated the amounts due under the policy for the years in question (see Commissioners of the State Insurance Fund v Titanium Interiors, Inc., 180 AD3d 563, 563 [1st Dept 2020]; see also Commissioners of State Ins. Fund v Beyer Farms, Inc., 15 AD3d 273, 274 [1st Dept 2005]). In addition, SIF's evidence on its motion sufficiently accounted for payments already made by defendants.
The affidavit of SIF's underwriter was sufficient to authenticate its business records, as he was familiar with SIF's record keeping and, based on his review of the records, had personal knowledge of the facts and circumstances surrounding defendants' insurance policy (see Commissioners of State Insurance Fund v Sanitation Salvage Corp., 187 AD3d 537, 537 [1st Dept 2020]). The underwriter further averred that the audit worksheets and statements of accounts were made in the regular course of SIF's business (CPLR 4518[a]), and that the data in these records were input contemporaneously with or shortly after the particular transaction occurred (see Commissioners of State Insurance Fund, 187 AD3d at 537).
In opposition to plaintiff's prima facie showing, defendants failed to raise a triable issue of fact, as they submitted only an unsworn memorandum of law from their counsel, who had no personal knowledge of the facts (see Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 432 [1st Dept 2010]). They also submitted no evidence to show that SIF miscalculated the premiums owed under its policy (see Commissioners of State Insurance Fund v Yesmont & Assoc., 226 AD2d 147, 148 [1st Dept 1996]; Commissioners of State Ins. Fund v Fox Run Farms, 195 AD2d 372, 375 [1st Dept 1993]). Defendants' mere hope that discovery will yield evidence of a triable issue of fact is insufficient to deny SIF's summary judgment motion, particularly where defendants are in possession of the books and payroll records that SIF relied on to calculate the premiums owed (see e.g. 800 Third Ave. Assoc., LLC v Roadrunner Capital Partners LLC, 214 AD3d 429, 429-430 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024