Commissioners of the State Ins. Fund v Z Bldrs. Assoc. LLC (2024 NY Slip Op 05305)

Commissioners of the State Ins. Fund v Z Bldrs. Assoc. LLC

2024 NY Slip Op 05305

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: sSingh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 452265/18 Appeal No. 2919 Case No. 2023-06456 

[*1]Commissioners of the State Insurance Fund, Plaintiff-Respondent,
v
Z Builders Associates LLC Doing Business as Z Builders, Defendant-Appellant.

The Law Firm of Adam C. Weiss, PLLC, Glen Cove (Adam C. Weiss of counsel), for appellant.
Michael Totaro, New York, for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about September 6, 2023, which granted plaintiff Commissioners of the State Insurance Fund's motion for summary judgment to recover workers' compensation insurance premiums from defendant, and ordered judgment to be entered in favor of plaintiff and against defendant in the amount of $50,220.43, with statutory interest from December 10, 2017 through the date of entry of judgment, unanimously affirmed, without costs.
Plaintiff established its prima facie entitlement to summary judgment by providing the insurance policy, the insurance application, the audit information pages, the auditor worksheets, and plaintiff's billing statement to defendant, dated November 4, 2019, reflecting $50,220.43 in premiums due (see Commissioners of State Ins. Fund v Call-A-Head Corp, 227 AD3d 438, 438 [1st Dept 2024]; Commissioners of State Ins. Fund v Sanitation Salvage Corp., 187 AD3d 537, 537 [1st Dept 2020]; Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d 355 [1st Dept 2006]).
Defendant argues that there is a question of fact concerning the subcontractors included in the premium charges because the subcontractors either had valid insurance coverage or only provided materials and should be excluded from coverage. These arguments are unavailing.
Defendant provided various documents to support its contention, such as copies of insurance certificates. However, four of the disputed subcontractors were previously credited by plaintiff, and others were never included in the disputed premium calculation. Although some insurance certificates provided by defendant were valid, those certificates were insufficient to establish coverage during the relevant time period or did not provide workers' compensation insurance. Further, defendant's argument that certain subcontractors should not be included in the workers' compensation calculation, as the subcontractors provided only materials, not labor, is similarly unavailing as defendant failed to provide documentation in support of this contention.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024