## Commissioners of the State Ins. Fund v PPA Holding Corp.

2025 NY Slip Op 32106(U)

June 13, 2025

Supreme Court, New York County

Docket Number: Index No. 452561/2022

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 02M

-----------------------------------------------------------------------------X

COMMISSIONERS OF THE STATE INSURANCE FUND

Plaintiff,

- v -

PPA HOLDING CORP.,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 452561/2022 |
| **MOTION DATE** | 05/29/2024 |
| **MOTION SEQ. NO.** | 001 |

**AMENDED DECISION +
ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER       .

Plaintiff Commissioners of the State Insurance Fund ("Plaintiff") commenced this action in September 2022 to recover the allegedly unpaid premiums on a workers' compensation policy, asserting causes of action for breach of contract and account stated for the unpaid premium amounts. Defendant PPA Holding Corp. ("Defendant") asserts twelve affirmative defenses in its Verified Answer. Plaintiff now moves for summary judgment on its breach of contract cause of action against Defendant pursuant to CPLR 3212 and for dismissal of Defendant's first through twelfth affirmative defenses. Defendant opposes the motion.

Plaintiff, a New York State agency, issued a workers' compensation insurance policy to Defendant on September 13, 2018, which was in effect through March 16, 2022 (NYSCEF Doc. No. 24, "Policy"). Defendant is engaged in the business of fabricating and installing aluminum windows in commercial buildings (NSYCEF Doc. No. 44, Asnes aff ¶ 2). Under the Policy, Defendant was required to pay premiums for the coverage and to make its books and records

[* 1]

available to Plaintiff for an audit of each period for which the Policy was in effect (Policy at Part Four [H]). Plaintiff alleges that, after an audit of the Policy periods, it concluded that Defendant owed $211,432.41 in premium payments and that its failure to make these payments constituted a breach of the Policy. For its part, Defendant contends that Plaintiff overbilled the insurance premiums by a total of $187,357.31 for the applicable Policy periods because it misclassified certain of its employees and failed to apply the appropriate payroll limitations, which led it to cancel the Policy and switch providers in 2022 (Asnes aff ¶¶ 16-21).

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A workers' compensation carrier's business records, including insurance applications, audit worksheets, invoices, and statement of account balances due, are sufficient to make out a prima facie showing of entitlement to summary judgment (*see Commrs. of the State Ins. Fund v Sanitation Salvage Corp*, 187 AD3d 537 [1st Dept 2020]).

Here, Plaintiff sets forth its prima facie case that Defendant violated the Policy by submitting a statement showing the amount due as of the Policy's March 2022 cancellation (NYSCEF Doc. No. 33); audit worksheets and statements showing how Plaintiff calculated the premiums (NYSCEF Doc. Nos. 26-31); and an underwriter affidavit setting forth the premium calculation policies (NYSCEF Doc. No. 22). In opposition, Defendant contends that there are

452561/2022   COMMISSIONERS OF THE STATE INSURANCE FUND vs. PPA HOLDING CORP.          Page 2 of 5
Motion No.  001

2 of 5

[* 2]

issues of fact regarding Plaintiff's purported misapplication of payroll codes and limitations, which it claims resulted in Plaintiff incorrectly calculating and overbilling of the premiums. It submits affidavits from its officer, Henry Asnes, and a workers' compensation consultant, Mark Charach, stating that Plaintiff applied the wrong employee classification code to Defendant's fabrication shop employees and clerical workers, resulting in a higher premium calculation (Asnes aff ¶ 19; NYSCEF Doc. No. 45, Charach aff ¶¶ 23-26). Defendant also asserts that Plaintiff failed to apply payroll limitation credits to its premium calculations pursuant to its Payroll Limitation Program (Charach aff ¶¶ 37-46).

In reply, Plaintiff submits an affidavit and supporting documents from its auditor, Beth Sroka. She attests that Defendant did not provide information about a fabrication shop where employees worked during prior audits and that the address it provided at that time was an empty apartment in a condominium building (NYSCEF Doc. No. 52, Sroka aff ¶ 6). She further states that her later inspection of the shop address provided by Defendant in 2024 found that an affiliated company was based at that location, rather than Defendant, and the shop did not appear to be regularly used (Sroka aff ¶¶ 7-8; NYSCEF Doc. No. 54, Sroka email).

The Court finds that Plaintiff is entitled to summary judgment on its claim that Defendant breached the Policy. Defendant fails to raise any triable issue of fact, as it does not support its assertion that Plaintiff misclassified its employees with any documentation confirming the role of its employees or the location where its shop employees allegedly worked. Furthermore, Defendant's misclassification argument must fail as it does not provide any indication that it exhausted its administrative remedies for this claim as required by Insurance Law § 2339(d) (*see, e.g., Commrs. of the State Ins. Fund v Ramer*, 100 AD3d 507, 508 [1st Dept 2012]; *Commrs. of the State Ins. Fund v Yesmont & Assoc.*, 226 AD2d 147 [1st Dept 1996]). It is well-established

452561/2022   COMMISSIONERS OF THE STATE INSURANCE FUND vs. PPA HOLDING CORP.        Page 3 of 5
   Motion No.  001

3 of 5

[* 3]

that questions of employee classification require administrative review (*see Commrs. of the State Ins. Fund v Fox Run Farms*, 195 AD2d 372, 374 [1st Dept 1993], citing *Commrs. of the State Ins. Fund v Mascali-Robke Co., Inc.*, 208 Misc. 316, 320 [Sup Ct, NY County 1955], *affd* 1 AD3d 945 [1st Dept 1956]).  Its argument about payroll limitations is similarly unavailing as it does not present any evidence that it maintained the required records for eligibility under the Payroll Limitation Program, namely: each employee's weekly wages and hours worked, the type of work performed, the geographic territory in which the work was performed, and whether the work was performed on commercial structures (*see* NYSCEF Doc. No. 56 at 2).  Judgment is accordingly granted in Plaintiff's favor for its breach of contract claim, in the amount of $221,432.41 with interest from March 16, 2022 pursuant to CPLR 5001 (*see Telefónica S.A. v Millicom Int'l Cellular S.A.*, 233 AD3d 558, 560 [1st Dept 2024]).

Plaintiff next moves to dismiss all twelve of Defendant's affirmative defenses.  Defendant does not offer any argument in opposition to this branch of Plaintiff's motion.  The Court grants this branch of the motion as the affirmative defenses are merely one sentence "bare legal conclusions . . . insufficient to raise an affirmative defense" (*Chelsea 8th Ave. LLC v Chelseamilk LLC*, 220 AD3d 565, 566 [1st Dept 2024], citing *Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]).

Accordingly, it is hereby:

ORDERED that the motion is granted; and it is further

ORDERED that summary judgment is granted in favor of Plaintiff Commissioners of the State Insurance Fund on its first cause of action; and it is further

ORDERED that Defendant's affirmative defenses are dismissed in their entirety; and it is further

452561/2022   COMMISSIONERS OF THE STATE INSURANCE FUND vs. PPA HOLDING CORP.        Page 4 of 5
Motion No.  001

4 of 5

ORDERED, ADJUDGED and DECREED that Plaintiff Commissioners of the State Insurance Fund is entitled to judgment as against Defendant PPA Holding Corp. in the amount of $221,432.41 with statutory interest from March 16, 2022, and the Clerk is directed to enter judgment accordingly.

| 6/13/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**452561/2022   COMMISSIONERS OF THE STATE INSURANCE FUND vs. PPA HOLDING CORP.**           **Page 5 of 5**
**Motion No.  001**

[* 5]