(No. 4789.   December 15, 1927.)

MRS. V. G. SWANSON, Appellant, v. DR. T. S. WASSON, Respondent.

[262 Pac. 147.]

PHYSICIANS AND SURGEONS — MALPRACTICE — NEGLIGENCE—EVIDENCE— DEGREE OF SKILL AND CARE REQUIRED.

1.   "Negligence" on part of physician consists in his doing something which he should not have done, or in omitting to do something which he should have done in treating patient.

2.   Physician is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in same neighborhood, in same general line of practice, ordinarily have and exercise in like cases.

3.   In action against physician for damages for malpractice, where evidence is as consistent with absence as with existence of negligence, case should not be left with jury.

4.   In action against physician for damages for malpractice, plaintiff must show by affirmative evidence that defendant was unskilful or negligent, and that want of skill or care caused injury to her.

---

Publisher's Note.

2.   Degree of skill and care required of physicians and surgeons, see notes in 48 Am. Dec. 481; 59 Am. Dec. 397; 59 Am. Rep. 392; 93 Am. St. 657; 1 Ann. Cas. 21, 306; 14 Ann. Cas. 605; 37 L. R. A. 830. See, also, 21 R. C. L.. 381.

4.   See 21 R. C. L. 407.

See Physicians and Surgeons, 30 Cyc., p. 1570, n. 19, p. 1572, n. 30, p. 1575, n. 51, 52, p. 1584, n. 48, 49, 50, p. 1588, n. 83.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action for damages for malpractice. Judgment for defendant. *Affirmed.*

Turner K. Hackman, for Appellant, cites no authorities on points decided.

Walters & Parry and Vernon B. Walters, for Respondent.

"In cases of alleged malpractice the burden is upon the plaintiff to establish that the defendant failed to exercise the skill which the law demanded; or that in his treatment of the case he was guilty of negligence,—the plaintiff must establish this by a preponderance of the evidence." (*Napier v. Greenzweig,* 256 Fed. 196; *Georgia Northern Ry. Co. v. Ingram,* 114 Ga. 639, 40 S. E. 708; *Wood v. Wyeth,* 106 App. Div. 21, 94 N. Y. Supp. 360; *Goodman v. Bigler,* 133 Ill. App. 301; *O'Grady v. Cadwallader,* 183 Iowa, 178, 166 N. W. 755.)

The law demands that a physician is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in the same or similar locality, in the same general line of practice, ordinarily have and exercise in like cases. (21 R. C. L. 381, 382.)

"In the absence of evidence to the contrary, the law will presume the exercise of a reasonable degree of care and skill by a physician and surgeon." (*Houghton v. Dickson,* 29 Cal. App. 321, 155 Pac. 128; *Priestley v. Stafford,* 30 Cal. App. 523, 158 Pac. 776.)

BUDGE, J.—Appellant commenced an action against respondent, a licensed physician and surgeon, to recover damages for alleged malpractice. Upon the trial, and after all of the evidence was in and both sides had rested, respondent renewed a motion for nonsuit. The trial court treated the motion as one for an instructed verdict, and

thereupon instructed the jury to return a verdict for respondent, which instruction was complied with by the jury. Upon the verdict so returned, judgment was duly entered in favor of respondent, from which judgment appellant has appealed.

Error is sought to be predicated upon the ground that appellant's evidence made out a *prima facie* case, and that the trial court erred therefore in directing the jury to return a verdict for respondent.

We have concluded to sustain the judgment. No useful purpose could be served by setting out the testimony of the various witnesses, since it clearly appears from the record that appellant failed to introduce sufficient evidence to warrant the court in submitting the case to the jury.

[1] Negligence on the part of a physician consists in his doing something which he should not have done, or in omitting to do something which he should have done. There is no evidence in the record herein which shows, or tends to show, that respondent was negligent in doing something which he should not have done. Appellant's contention rests upon the theory that respondent failed to do some things which he should have done.

[2] The rule would seem to be quite universal that a physician is liable to his patient for a failure to exercise requisite skill and care, and that he must possess that reasonable degree of learning, skill and experience which ordinarily is possessed by others of his profession. In short, a physician is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in the same neighborhood, in the same general line of practice, ordinarily have and exercise in like cases. (21 R. C. L., p. 381, sec. 27.) In the instant case there is no evidence that respondent did not have and exercise that degree of skill and care ordinarily possessed and exercised by the members of his profession in good standing practicing in the locality where respondent resided, and, that the care and attention he gave appellant was not such as would have been

given by other physicians in good standing in that neighborhood.

[3, 4] Respondent was called to visit appellant on September 1, 1919. There is no evidence of a causal connection between the primary negligence of respondent, if any there was, and the illness of appellant following which caused or produced a condition said to have been found to exist in March, 1920, or the necessity for an operation performed upon appellant in the following October. Where the evidence is as consistent with the absence, as with the existence, of negligence, the case should not be left with the jury. As was said in *Ewing v. Goode,* 78 Fed. 442, 443:

"If there is no injury caused by lack of skill or care, then there is no breach of the physician's obligation, and there can be no recovery. *Craig v. Chambers,* 17 Ohio St. 253, 260. Mere lack of skill, or negligence, not causing injury, gives no right of action, and no right to recover even nominal damages. . . . .

"Before the plaintiff can recover, she must show by affirmative evidence—first, that defendant was unskillful or negligent; and, second, that his want of skill or care caused injury to the plaintiff. If either element is lacking in her proof, she has presented no case for the consideration of the jury."

The judgment must be affirmed, and it is so ordered. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.