In the Matter of the Claim of FLORENCE RENOUF, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued September 30, 1930; decided October 14, 1930.)

*William B. Davis* and *E. C. Sherwood* for appellants. The claimant was not an employee, but was pursuing an independent calling. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Matter of Bernstein* v. *Beth Israel Hospital*, 236 N. Y. 268; *Brown* v. *St. Vincent's Hospital*, 222 App. Div. 402; *Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188; *Pearl* v. *West End Street Ry. Co.*, 176 Mass. 177; *Moody* v. *Industrial Accident Comm.*, 269 Pac. Rep. 542; *Fontanella* v. *N. Y. Central R. R. Co.*, 186 App. Div. 588; *Murtha* v. *New York Homeopathic Hospital*, 228 N. Y. 183.)

*Hamilton Ward, Attorney-General (George S. Kelly* and *E. C. Aiken* of counsel), for respondent. The claimant was in the employ of the railroad company at the time of her injury and was entitled to compensation. (*Matter of Brown* v. *St. Vincent's Hospital,* 222 App. Div. 402.)

POUND, J.  The question is whether claimant, a trained nurse engaged specially by the New York Central Railroad Company on a single case to render services to an injured employee of the company in a hospital, is entitled to compensation for injuries sustained by her arising out of and during the course of her employment, as an employee of the company within the meaning of the Workmen's Compensation Law (Cons. Laws, ch. 67), when she acts under the general direction of the company's physician in charge of the case.

Operating a railroad is a hazardous employment and the employees of the railroad company come under the protection of the act although their employment is not classified as hazardous. (*Matter of Dose* v. *Moehle Lithographic Co.,* 221 N. Y. 401; *Matter of Europe* v. *Addison Amusements, Inc.,* 231 N. Y. 105.)  The calling of nurse is not classified as hazardous except that under section 3, subdivision 1, group 15 of the act nurses employed in State or municipal hospitals are so classified, "'notwithstanding the definitions of the terms 'employment,' 'employer' or 'employee' in subdivisions three, four and five of section two of this chapter."

It does not follow that all who are engaged by a railroad corporation to render services are its employees within the meaning of the law.  The relation both of employer and employee must exist as distinguished from that of independent contractor. (*Matter of Beach* v. *Velzy,* 238 N. Y. 100.)  To come within the statutory definition of employee the person must be *in the service* of the employer. (Workmen's Compensation Law, § 2, subds. 3, 4 and 5.)  But a trained nurse called in on a special

case is not in the service or the servant of the employer. She is a professional person like a physician, employed to exercise her calling to the best of her ability according to her own discretion, subject only to the general directions of the physician in charge of the case. (*Schloendorff* v. *Society of New York Hospital*, 211 N. Y. 125, 130 *et seq.*)

The circumstance that nurses are subject to the general supervision of the physician in charge of the case and do not, like such physicians, act entirely on their own responsibility, has not led the court to distinguish between physicians and nurses in this regard. (*Schloendorff* v. *Society of New York Hospital, supra.*) They are regarded as especially equipped to render professional services to patients when called on to do so rather than as workmen. They are grouped with doctors and lawyers rather than with cooks and chambermaids.

This rule of relationship between employer and nurse is not limited in its application to charitable corporations, although it has often been applied to relieve such corporations from liability for the negligent acts of physicians and nurses employed by them in the treatment of patients. (*Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188.) It rests on the fact that one who employs such a nurse to take care of an injured person undertakes, not to treat the employee through the agency of the nurse, but to procure a nurse for the special purpose for which her services are required. This is all that the railroad company did in this case. It procured the nurse, but it did not act through her in caring for the patient. She was left to act on her own responsibility under the general direction of the physician in charge of the case. Although she was, in a general sense, employed by the railroad company she was not its employee. She occupied the position of an independent contractor following her own calling rather than that of one in the service of the employer. The fact that she was employed by the rail-

road company rather than the hospital in no wise alters her status.

A distinction may be drawn between a special nurse and one who places her time and service at the call of her employer without regard to special cases (*Matter of Bernstein* v. *Beth Israel Hospital*, 236 N. Y. 268), but on the facts in this case the claimant is outside the terms of the Workmen's Compensation Law and her claim must be dismissed.

The order of the Appellate Division should be reversed and the claim dismissed, with costs against the State Industrial Board in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.