(No. 5658.   July 9, 1931.)

TURNER DAVIS and RUBY DAVIS, His Wife, Respondents, v. A. L. POTTER et Ux., Defendants, and H. J. STURGES, Appellant.

[2 Pac. (2d) 318.]

Cannon, McKevitt & Fraser and O. J. Bandelin, for Appellant.

N. D. Wernette, for Respondents.

VARIAN, J.—This is an action for damages for personal injuries to surgical patient on account of burn from hot water bottle occurring after the operation.

Mrs. A. L. Potter, a graduate trained nurse, owns and operates a hospital in the city of Coeur d'Alene, known as the Home Hospital, which is her sole and separate property. The hospital is small and the nursing is looked after by Mrs. Potter. Appellant, H. J. Sturges, is a physician and surgeon residing at Coeur d'Alene, Idaho. Pursuant to an understanding with respondent husband and wife, appellant performed a major operation upon Mrs. Davis, she being thought to be pregnant at the time. Appellant

informed Mr. Davis that it would be necessary to have a special nurse for two or three days after the operation and told Mrs. Potter to call Mrs. Anna R. Tanner, a practical nurse who had had some hospital training but was not a trained graduate nurse. She had served in similar capacity in other cases handled by Dr. Sturges and came to the hospital before the operation was completed, found the room assigned to Mrs. Davis and proceeded to warm the bed to be occupied by her with three rubber hot water bottles. When the operation was completed the patient, still under the influence of the anesthetic, was wheeled to her room, accompanied by Dr. Sturges, Dr. Dwyer, who assisted in the operation, Mrs. Potter and Mrs. King, the latter, who was the office girl for Dr. Sturges, having given the anesthetic. The patient was lifted off the car with the assistance of Dr. Sturges and placed in the bed. Dr. Dwyer and Mrs. King then wheeled the car back to the operating-room and did not again come into the patient's room. Mrs. O'Donnell, an aunt of Mrs. Davis', was permitted to stay in the operating-room during the operation but was not admitted to the patient's room immediately, she and Mr. Davis remaining in the hall with the door closed. She testified that they remained there for five or ten (Davis says ten) minutes before Dr. Dwyer and Mrs. King came out. Mrs. Potter and Dr. Sturges came out of the room and the former told Mrs. O'Donnell and Mr. Davis they might go into the patient's room in a few minutes. She came back presently and said they might go in. They found the patient, still under the influence of the anesthetic, covered up in bed. The special nurse was sitting on the edge of the same bed. After about twenty minutes she seemed to be coming from under the influence of the anesthetic and complained of being burned. The nurse said, in effect, that she imagined this and was probably still out of her head. The nurse left the room in a few minutes and the patient still complained of being burned. Finally, a hot water bottle fell to the floor and an examination made by Mrs. O'Donnell revealed a burn on the patient's right leg, toward the front, above the knee and

approximately nine and one-half inches long by six and one-half inches wide. On the return of Mrs. Tanner, this fact was disclosed to her. She promptly notified Mrs. Potter, who directed her to advise Dr. Sturges, which was done.

Respondents brought this action against Dr. Sturges and A. L. Potter and Mrs. Potter. Under instruction of the court the jury found in favor of A. L. Potter. They, also, found in favor of Mrs. Potter, but returned a verdict for $5,000 against Dr. Sturges, who moved for a new trial, which was denied. The present appeal is from the order denying the motion for a new trial.

The court instructed the jury, in effect, that a physician is only bound to use such reasonable and ordinary care, skill and diligence as physicians and surgeons of the same neighborhood in the same line of practice ordinarily have and exercise in like cases. Negligence was defined and, also, proximate cause. The court further instructed the jury that if Mrs. Davis was burned by a hot water bottle, such burn was the proximate cause of the injuries complained of, and if they further found that said hot water bottle was placed in the bed by plaintiff's nurse after plaintiff had been placed therein and after the doctor had left the room, they should find for appellant here, provided they found said doctor used reasonable care in selecting a nurse who was reasonably competent and skilful in her profession, and which nurse was the employee of plaintiffs.

He also gave the following instruction, No. VI, the giving of which is assigned as error:

"You are instructed that if, after the operation was performed, the said H. J. Sturges accompanied or assisted in placing the said Ruby Davis in the bed and remained in said room while the bed was prepared, he is charged with the duty of seeing that the preparations are such as to make it safe for the patient; and if the injury complained of in this action was occasioned by the carelessness of anyone while the said H. J. Sturges was present in the room, he is chargeable for said carelessness."

Error is predicated upon the refusal of the trial court to grant a new trial, because of insufficiency of the evidence to sustain the verdict; the giving of said instruction No. VI, and because the verdict is excessive.

Appellant contends that if any negligence is shown by this record, it is the sole negligence of the special nurse, Anna R. Tanner, for which appellant is not liable. First, because she was the employee of respondents and not of appellant; and, second, in her capacity of nurse, was an independent contractor and, as such, alone liable for her own acts of negligence. The attendance of the special nurse was actually procured by appellant, who directed Mrs. Potter to send for her. She was paid, at least in part, by Mr. Davis, just before she left the case, the latter explaining that the payment was made at the nurse's request and considered by him as a payment on account of appellant's charges. If the question of the status of Mrs. Tanner was controlling here, we would feel impelled to hold that the question was one for the jury and had been decided adversely to appellant. Nor do we deem it necessary to decide whether she was an independent contractor, for whose negligence appellant is not liable under the decisions cited by him to the effect that a trained or graduate nurse is so considered. · (See *In re Renouf,* 254 N. Y. 349, 173 N. E. 218; *Parkes* v. *Seasongood,* 152 Fed. 583.) The record shows she was not of that class but that she was a competent, practical nurse. Whether it was her duty to see that the patient was safely placed in a properly warmed bed after the operation, or not, is also immaterial under the facts of this case. Appellant, under the evidence here, assumed the duty of conveying the patient from the operating-room and placing her safely in bed. (*Harber* v. *Gledhill,* 60 Utah, 391, 208 Pac. 1111.) He was not only present with Dr. Dwyer, Mrs. Potter and Mrs. King while the patient was being wheeled from the operating-room, but he admits that he helped lay her in the bed. He then remained in the room with the patient for some minutes observing her respiration and taking her pulse in order to satisfy himself she was in condi-

tion to be left with the nurse. It is true the nurse testified that she threw the covers back on the bed and removed all the hot water bottles before the patient was laid on it; and she replaced the hot water bottles and covered up the patient as soon as appellant left the room. On the other hand, the evidence tends to show that the patient had been covered and the hot water bottles replaced while appellant was in her room. The jury might have concluded from the evidence that the patient would not be left lying on the warmed bed with only the blanket covering her, as when she came from the operating-room, for ten or fifteen minutes and until appellant left the room. If appellant was present when the hot water bottles were replaced by the special nurse, he was in complete charge at the time and under a duty to see that the special nurse replaced the hot water bottles in the patient's bed in such manner as not to injure or burn her. Even if she might be considered as an indepedent contractor under the compensation law *(Moody v. Industrial Acc. Com.,* 204 Cal. 668, 60 A. L. R. 299, 269 Pac. 542; *Brown v. St. Vincent's Hospital,* 222 App. Div. 402, 226 N. Y. Supp. 317), which we do not hold, the evidence shows she was in fact under appellant's actual supervision, direction and control during the time appellant remained in the patient's room and, measured by this rule, was for the moment the employee of appellant who is liable for her acts of negligence resulting in injury to the unconscious patient. (See *Aderhold v. Bishop,* 94 Okl. 203, 60 A. L. R. 137, 221 Pac. 752.)

This court has followed the rule laid down in 30 Cyc. 1570 (see, also, 48 C. J. 1113 et seq.) as to the degree of skill and care required of physicians and surgeons in caring for their patients. "A physician or surgeon undertaking the treatment of a patient is not required to exercise the highest degree of skill possible. He is only required to possess and exercise that degree of skill and learning ordinarily possessed and exercised by the members of his profession in good standing, practicing in similar

localities, and it is his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning, and to act according to his best judgment." (*McAlinden v. St. Maries Hospital Assn.*, 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115.) He "is bound to bestow such reasonable and ordinary care, skill and diligence as physicians and surgeons in the same neighborhood, in the same general line of practice, ordinarily have and exercise in like cases." (*Swanson v. Wasson*, 45 Ida. 309, 262 Pac. 147.) It has been held that "ordinary care requires that those entrusted with the care of unconscious persons shall take great precaution to see that no injury occurs." (*Hale v. Atkins*, 215 Mo. App. 380, 256 S. W. 544; 48 C. J. 1119.)

The question of appellant's liability was fairly submitted to the jury and there is ample evidence to sustain the verdict, and giving the instruction complained of was not error.

From the whole record we are unable to say that it clearly appears that excessive damages were awarded in this case under the influence of passion or prejudice (*Short v. Boise Valley Traction Co.*, 38 Ida. 593, 225 Pac. 398; *Nelson v. Johnson*, 41 Ida. 697, 243 Pac. 647; *Osier v. Consumers Co.*, 42 Ida. 789, 248 Pac. 438), and we therefore are not justified in disturbing the verdict.

Judgment affirmed. Costs to respondents.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.