This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANNE HOLLY WHITE**,

Petitioner-Appellee,

v.                                                                    NO.   30,975

**WYLDER K. BIBBY**,

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Anne Holly White
Albuquerque, NM

Pro Se Appellee

Wylder K. Bibby
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Respondent appeals, pro se, from a district court order denying his motion to modify a pre-existing custody order. We issued a calendar notice proposing to affirm.

Respondent filed a memorandum in opposition. Respondent then filed a supplement to the memorandum. Petitioner then filed a response to the supplement, and a motion to strike Respondent's supplement to the memorandum. We decline to consider Respondent's supplemental filings because they are either duplicative of the record or were not made part of the record below. As such, we deny Petitioner's motion as unnecessary. We affirm the district court order.

**Issue 1**

Respondent has claimed that the district court erred in refusing to permit Child's therapist from testifying at the hearing to modify a pre-existing (December 9, 2009) order, which continued to give him sole legal and physical custody of Child, with Petitioner (Mother) and Grandparent visitation. [RP 790-91, 809] Respondent's motion had sought to terminate all visitation based on the alleged conduct of Mother and Grandparents. [RP 793] The record indicates that the parties had a long history of back-and-forth accusations. Notwithstanding Respondent's memorandum, which largely refers us to the importance of parental rights generally, we believe that the district court could, within its discretion, limit the hearing to a consideration of Respondent's credibility as to his accusations, and could defer to the court-appointed expert, Dr. Roll, for oversight of Child's behavioral status. In any event, there is no tendered testimony in the record, and we conclude that it is speculative that additional therapist testimony would have established a material and substantive change in

2

circumstances. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *see also Campos Enters., Inc. v. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (noting that an appellate court reviews only matters that were presented to the trial court).

**Issue 2**

Respondent has also challenged the denial of his motion on the merits. As noted, the district court was familiar with the long history of bad relations between the parties. We believe that Respondent's motion largely came down to an issue of credibility, with the district court, sitting as fact finder, deciding that the ongoing hostility was not a change in circumstances, but instead demanded an order instructing the parties to stop the bad-mouthing. This is the precise language used by the district court in its order. [RP 809] As such, we defer to the court's determination that this was not a change in circumstances, but instead an opportunity to reign in the parties.

**Issue 3**

Respondent claims that he has been denied due process. Defendant's examples go back to 2006, and he was required to raise any challenges as those matters related to the various appealable orders that ensued. We only concern ourselves with the process as it relates to his current motion to modify. Because we believe that our

analysis of his first two issues indicate that he was not denied due process with respect to his motion, we do not believe that this claim has merit.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**