This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ARTESIA,**

Plaintiff-Appellee,

**v.**                                                                      No.  31,621

**HONDO BILLIPS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Hondo Billips (Defendant) appeals from the district court's order upon Defendant's appeal from magistrate court, convicting Defendant, after a bench trial, of being a minor in possession of alcohol. **[RP 73]** Defendant raises one issue on appeal: whether it is illegal for a minor to possess alcohol in order to dispose of it. **[DS 2]** The calendar notice proposed summary affirmance. **[Ct. App. File, CN1]** Defendant has filed a memorandum in opposition that we have duly considered. **[Ct. App. File, MIO]** Unpersuaded, however, we affirm.

**DISCUSSION**

In the memorandum, Defendant agrees that the issue is a question of whether sufficient evidence existed to convict Defendant of being a minor in possession of alcohol. **[MIO 1]** Defendant actually argues, however, that the facts do not support his conviction, relying on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). **[MIO 1-2]** We are not persuaded.

"We review sufficiency of the evidence on appeal from a highly deferential standpoint." *State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110, 257 P.3d 930. "The Court must determine 'whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt

2

with respect to every element essential to a conviction.'" *Id.* (quoting *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988)); *see also State v. Orgain*, 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct. App. 1993) ("[O]ur review involves a two-step process: deference to the resolution of factual conflicts and inferences derived therefrom, and a legal determination of whether the evidence viewed in this manner could support the conviction.").

NMSA 1978, Section 60-7B-1(C) (2004) provides that:

> It is a violation of the Liquor Control Act for a minor to buy, attempt to buy, receive, possess or permit himself to be served with alcoholic beverages.

At trial, the City of Artesia (the City) presented evidence that on or about September 17, 2010, in Artesia, New Mexico, Officer Huerta observed Defendant removing a beer from his midsection that was covered by a t-shirt. **[RP 49, 56]** The officer also testified that when he made contact with Defendant, the officer asked Defendant if he had purchased the 24 ounce can of Budlight beer and the 24 ounce can of Budlight Lime beer. **[Id.]** The City further presented evidence that Defendant was under 21 years old at the time **[RP 48]**, and that Defendant admitted stealing the beer. **[RP 49]**

3

Defendant contended that he was trying to remove alcohol that he had just discovered in his truck when he stopped for gas. **[DS 1]** He asserted that he was in the act of removing the alcohol to prevent being found with it when he was caught holding it. **[Id.]** The memorandum states that Defendant had "something under his shirt which he then placed in the cab of his pickup truck." **[MIO 2]** After the bench trial, the district court convicted Defendant of being a minor in possession of alcohol in violation of Section 60-7B-1(C). **[RP 73]**

Defendant argues that the magistrate and district court convicted him of being a minor in possession of alcohol despite his reasonable explanation for his temporary control of the beer. **[MIO 2]** The City presented substantial evidence to support Defendant's conviction. The fact that Defendant's version of events, i.e., that he was exerting only temporary control over beer that was not his, conflicted with the City's evidence, does not persuade us otherwise. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder [in this case, the judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the

facts."); *and see In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (stating that the question is whether the trial court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion.").

**CONCLUSION**

We affirm Defendant's conviction of being a minor in possession of alcohol.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**