Certiorari granted by Supreme Court, June 23, 2014
Affirmed by Supreme Court, January 13, 2015

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4956

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY WHITFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:09-cr-00009-RJC-DCK-1)

Submitted: November 27, 2013      Decided: December 10, 2013

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, Appellate Counsel, Asheville, North Carolina; Erin K. Taylor, Kevin A. Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Whitfield appeals from the amended criminal judgment imposed following our remand of his case to the district court for resentencing for his forced accompaniment conviction under 18 U.S.C. § 2113(e) (2012). See United States v. Whitfield, 695 F.3d 288, 311 (4th Cir. 2012). At the resentencing hearing, Whitfield challenged the district court's application of U.S. Sentencing Guidelines Manual ("USSG") § 2A1.1 (2009). The district court rejected Whitfield's argument, concluding that his conduct caused the death of the victim, Mary Parnell. The court imposed a 264-month sentence for Whitfield's § 2113(e) conviction.

On appeal, Whitfield first contends that the district court erred by miscalculating his Guidelines range. We review Whitfield's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

In assessing whether a district court properly calculated the Guidelines range, "including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). "[S]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized [by the jury's verdict]." United States v. Alvarado Perez, 609 F.3d 609, 614 (4th Cir. 2010) (internal quotation marks omitted).

The district court in this case determined Whitfield's Guidelines range by first applying USSG § 2B3.1, which provides the offense level for robbery. Section 2B3.1(c) directs a court to apply a cross-reference to USSG § 2A1.1 "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." The definition of first-degree murder includes killings "committed in the perpetration of, or attempt to perpetrate, any . . . burglary, or robbery." 18 U.S.C. § 1111 (2012); see also United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003).

In support of his contention that the district court miscalculated the applicable Guidelines range, Whitfield argues that the court should not have applied USSG § 2B3.1's cross-

3

reference to the felony murder provision in USSG § 2A1.1. He asserts that the district court applied an improper causation standard in determining that he caused Parnell's death.

At resentencing, the district court found by a preponderance of the evidence presented at trial, including the testimony of the Government's expert witnesses, that Parnell's death was caused by Whitfield's conduct. We cannot say, after careful review of the record, that this finding is clearly erroneous or that the district court committed legal error in assessing the evidence. Therefore, Whitfield's causation argument entitles him to no relief.

Whitfield alternatively asserts that the district court erred in concluding that the forced accompaniment, as opposed to his mere presence, caused Parnell's death. The Guidelines, however, do not require that the forced accompaniment directly cause the death; instead, USSG § 2A1.1 is applicable because Parnell's death occurred during the course of Whitfield's attempted robbery. See USSG § 2A1.1 cmt. n.1 (noting provision's applicability "when death results from the commission of certain felonies"). We therefore conclude that

the district court did not err in applying the cross-reference to USSG § 2A1.1 for Whitfield's forced accompaniment conviction.[*]

Whitfield next contends that the district court violated his Fifth and Sixth Amendment rights by resentencing him on acquitted conduct. As Whitfield acknowledges, however, this argument is foreclosed by our decision in United States v. Young, 609 F.3d 348, 356 (4th Cir. 2010).

Finally, Whitfield argues that his 264-month sentence exceeds the statutory maximum. In United States v. Turner, 389 F.3d 111, 121 (4th Cir. 2004), we interpreted § 2113(e) "to permit a maximum sentence of life imprisonment" for forced accompaniment convictions. We therefore conclude that this argument lacks merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Because we conclude that the district court did not err in resentencing Whitfield, we reject his arguments that he should be resentenced on his other convictions and that he should be resentenced by a different district court judge.

5