(Slip Opinion) OCTOBER TERM, 2014 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## WHITFIELD *v.* UNITED STATES

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 13–9026. Argued December 2, 2014—Decided January 13, 2015

Petitioner Whitfield, fleeing a botched bank robbery, entered 79-year-old Mary Parnell's home and guided a terrified Parnell from a hallway to a room a few feet away, where she suffered a fatal heart attack. He was convicted of, among other things, violating 18 U. S. C. §2113(e), which establishes enhanced penalties for anyone who "forces any person to accompany him without the consent of such person" in the course of committing or fleeing from a bank robbery. On appeal, the Fourth Circuit held that the movement Whitfield required Parnell to make satisfied the forced-accompaniment requirement, rejecting his argument that §2113(e) requires "substantial" movement.

*Held*: A bank robber "forces [a] person to accompany him," for purposes of §2113(e), when he forces that person to go somewhere with him, even if the movement occurs entirely within a single building or over a short distance, as was the case here. At the time the forced-accompaniment provision was enacted, just as today, to "accompany" someone meant to "go with" him. The word does not, as Whitfield contends, connote movement over a substantial distance. Accompaniment requires movement that would normally be described as from one place to another. Here, Whitfield forced Parnell to accompany him for at least several feet, from one room to another, and that surely sufficed. The severity of the penalties for a forced-accompaniment conviction—a mandatory minimum of 10 years, and a maximum of life imprisonment—does not militate against this interpretation, for the danger of a forced accompaniment does not vary depending on the distance traversed. This reading also does not make any other part of §2113's graduated penalty scheme superfluous. Pp. 2–5.

548 Fed. Appx. 70, affirmed.

SCALIA, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———

No. 13–9026

———

## LARRY WHITFIELD, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[January 13, 2015]

JUSTICE SCALIA delivered the opinion of the Court.

Federal law establishes enhanced penalties for anyone who "forces any person to accompany him" in the course of committing or fleeing from a bank robbery. 18 U. S. C. §2113(e). We consider whether this provision applies when a bank robber forces someone to move with him over a short distance.

## I

Petitioner Larry Whitfield, fleeing police after a botched bank robbery, entered the home of 79-year-old Mary Parnell through an unlocked door. Once inside, he encountered a terrified Parnell and guided her from the hallway to a computer room (which Whitfield estimates was between four and nine feet away. Brief for Petitioner 5). There, Parnell suffered a fatal heart attack. Whitfield fled, and was found hiding nearby.

A grand jury indicted Whitfield for, among other things, violating §2113(e) by forcing Parnell to accompany him in the course of avoiding apprehension for a bank robbery. That section provides:

"Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid appre-

hension for the commission of such offense . . . *forces any person to accompany him without the consent of such person*, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment." (Emphasis added.)

Whitfield pleaded not guilty to the offense but a jury convicted him.

On appeal, Whitfield challenged the sufficiency of the evidence, arguing that §2113(e) requires "substantial" movement, and that his movement with Parnell did not qualify. Brief for Appellant in No. 10–5217 (CA4), pp. 50–52. The Fourth Circuit disagreed, holding that, "[a]lthough Whitfield required Mrs. Parnell to accompany him for only a short distance within her own home, and for a brief period, no more is required to prove that a forced accompaniment occurred." 695 F. 3d 288, 311 (2012). After further proceedings in the District Court and Court of Appeals, 548 Fed. Appx. 70 (2013), we granted certiorari, 573 U. S. ___ (2014).

## II

Congress enacted the forced-accompaniment provision in 1934 after "an outbreak of bank robberies committed by John Dillinger and others." *Carter* v. *United States*, 530 U. S. 255, 280 (2000) (GINSBURG, J., dissenting). Section 2113 has been amended frequently, but the relevant phrase—"forces any person to accompany him without the consent of such person"—has remained unchanged, and so presumptively retains its original meaning. *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens*, 529 U. S. 765, 783, n. 12 (2000).

In 1934, just as today, to "accompany" someone meant to "go with" him. See Oxford English Dictionary 60 (1st ed. 1933) (defining "accompany" as: "To go in company with, to go along with"). The word does not, as Whitfield contends, connote movement over a substantial distance. It

was, and still is, perfectly natural to speak of accompanying someone over a relatively short distance, for example: from one area within a bank "to the vault";[1] "to the altar" at a wedding;[2] "up the stairway";[3] or into, out of, or across a room.[4] English literature is replete with examples. See, *e.g.,* C. Dickens, David Copperfield 529 (Modern Library ed. 2000) (Uriah "accompanied me into Mr. Wickfield's room"); J. Austen, Pride and Prejudice 182 (Greenwich ed. 1982) (Elizabeth "accompanied her out of the room").

It is true enough that accompaniment does not embrace minimal movement—for example, the movement of a bank teller's feet when the robber grabs her arm. It must constitute movement that would normally be described as from one place to another, even if only from one spot within a room or outdoors to a different one. Here, Whitfield forced Parnell to accompany him for at least several feet, from one room to another. That surely sufficed.

In an attempt to support his position that "accompany" should be read to mean "accompany over a substantial distance," Whitfield observes that a forced-accompaniment conviction carries severe penalties: a mandatory minimum sentence of 10 years, and a maximum sentence of life imprisonment. In 1934, a forced-accompaniment conviction could even be punished with death. Act of May 18,

----

[1] Addison State Bank Robbed, DuPage County Register, Apr. 6, 1928.

[2] Salmon-Peters Marriage Announcement, N. Y. Times, Dec. 7, 1930, p. N7.

[3] Woman's Version of Norris Killing Being Challenged, Washington Post, Jan. 20, 1927, p. 3.

[4] See, e.g., *Davis* v. *Potter*, 51 Idaho 81, 84, 2 P. 2d 318, 319 (1931) ("[T]he patient, still under the influence of the anesthetic, was wheeled to her room, accompanied by Dr. Sturges"); *Union & Planters' Bank & Trust Co.* v. *Rylee*, 130 Miss. 892, 906, 94 So. 796, 798 (1923) ("This witness further testified that when J. N. Rylee left the decedent's room she accompanied him into the hall"); *Vernonia School Dist. 47J* v. *Acton*, 515 U. S. 646, 650 (1995) ("The student then enters an empty locker room accompanied by an adult monitor of the same sex").

1934, ch. 304, §3, 48 Stat. 783. The severity of these sentences, Whitfield says, militates against interpreting subsection (e) to capture forced accompaniment occurring over a small distance.

But it does not seem to us that the danger of a forced accompaniment varies with the distance traversed. Consider, for example, a hostage-taker's movement of one of his victims a short distance to a window, where she would be exposed to police fire; or his use of the victim as a human shield as he approaches the door. And even if we thought otherwise, we would have no authority to add a limitation the statute plainly does not contain. The Congress that wrote this provision may well have had most prominently in mind John Dillinger's driving off with hostages, but it enacted a provision which goes well beyond that. It is simply not in accord with English usage to give "accompany" a meaning that covers only large distances.

Whitfield also contends that "accompany" must be read narrowly in light of §2113's graduated penalty scheme. That scheme prescribes: (1) a 20-year maximum sentence for bank robbers who use "force and violence" or "intimidation," §2113(a), (2) a 25-year maximum sentence for those who "assaul[t]" or "pu[t] in jeopardy the life of" another "by the use of a dangerous weapon or device," §2113(d), and (3) a minimum sentence of 10 years, and a maximum sentence of life, for forced accompaniment, §2113(e). According to Whitfield, bank robbers almost always "exert some control over the movement of the bank's employees." Brief for Petitioner 22. Therefore, he says, unless "accompany" is limited to forced movement over substantial distances, nearly all §2113 violations will be punishable under subsection (e), making subsections (a) and (d) pointless.

We disagree. Even if Whitfield is right that bank robbers always "exert some control" over others, it does not

follow that they always force others to *accompany* them somewhere—that is, to go somewhere *with* them. As we have no reason to think that to be the case, and because subsections (a), (d), and (e) all cover distinct conduct, our interpretation of "accompany" does not make any part of §2113 superfluous.

\*   \*   \*

We hold that a bank robber "forces [a] person to accompany him," for purposes of §2113(e), when he forces that person to go somewhere with him, even if the movement occurs entirely within a single building or over a short distance. Defined in this manner, Whitfield forced Parnell to "accompany him." §2113(e). The judgment of the Fourth Circuit is affirmed.

*It is so ordered.*