**DLD-284**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1910
_____

JEREMY E. LEWIS,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00758)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2018

Before: JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 22, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jeremy Lewis appeals the District Court's order dismissing his petition under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons detailed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2009, Lewis pleaded guilty in the United States District Court for the Southern District of Ohio to armed bank robbery with forced accompaniment in violation of 18 U.S.C. § 2113 and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The District Court sentenced Lewis to a total term of 24 years' imprisonment, with 14 years attributable to the bank-robbery conviction. See Cr. A. No. 08-cr-00175. Lewis filed a direct appeal, which the Sixth Circuit dismissed as untimely. See C.A. No. 10-3911. Lewis subsequently filed a motion under 28 U.S.C. § 2255. The District Court denied the motion, and the Sixth Circuit denied his request for a certificate of appealability. See C.A. No. 11-4110. Since then, Lewis has vigorously contested his criminal judgment in the Southern District of Ohio and the Sixth Circuit, to no avail. In April 2018, after denying what it calculated as Lewis's 18th motion for relief from judgment, the District Court enjoined Lewis from filing further motions attacking his judgment. See D.C. dkt. #313.

In April 2018, Lewis filed a petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. Relying on the Supreme Court's decision in Whitfield v. United States,

2

135 S. Ct. 785 (2015), Lewis claimed that he was actually innocent of violating § 2113(e). The District Court dismissed Lewis's petition, ruling that he could raise this claim only, if at all, in a motion under 28 U.S.C. § 2255. Lewis filed a timely notice of appeal.

We agree with the District Court's analysis of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). This exception is narrow and applies in only rare circumstances. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted.

Lewis argues that this exception applies here because the change in law wrought by Whitfield renders him actually innocent of violating § 2113(e). We are not persuaded. Section 2113(e) establishes enhanced penalties—a ten-year minimum sentence—for anyone who, in the course of committing or fleeing from a bank robbery (as defined elsewhere in § 2113), "forces any person to accompany him without the consent of such person." In Whitfield, the Supreme Court held that "a bank robber 'forces [a] person to accompany him,' for purposes of § 2113(e), when he forces that person to go somewhere

3

with him, even if the movement occurs entirely within a single building or over a short distance." Whitfield, 135 S. Ct. at 789. To show the innocence necessary to proceed under § 2241, Lewis must establish that it is more likely than not that no reasonable juror would have found him guilty of violating § 2113(e). See Bousley v. United States, 523 U.S. 614, 623-24 (1998) (discussing the standard to show innocence); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (Bousley standard applies to innocence claims brought under § 2241).

Lewis cannot make that showing. As he acknowledges, in his plea colloquy, he admitted to "jump[ing] the bank teller counter" and then "forc[ing] a teller—against her will—to accompany [him] to a separate area within the bank where additional cash was kept in a locked safe." S.D. Ohio Cr. A. No. 08-cr-00175 dkt. #168 at pg. 3. Lewis has presented no evidence to challenge this factual account, which falls squarely within the scope of § 2113(e) as defined by Whitfield. See Whitfield, 135 S. Ct. at 788 (providing, as one example of "accompanying someone over a relatively short distance," going "from one area within a bank to the vault" (quotation marks omitted)); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Accordingly, we will summarily affirm the District Court's judgment.

4