ALD-013                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2414
_____

JEREMY E. LEWIS, Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01097)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2018
Before: MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed November 6, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jeremy Lewis appeals the District Court's order dismissing his petition under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons detailed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2009, Lewis pleaded guilty in the United States District Court for the Southern District of Ohio to armed bank robbery with forced accompaniment in violation of 18 U.S.C. § 2113 and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 24 years' imprisonment. See Cr. A. No. 08-cr-00175. Lewis filed a direct appeal, which the Sixth Circuit dismissed as untimely. See C.A. No. 10-3911. Lewis subsequently filed a motion under 28 U.S.C. § 2255. The District Court denied the motion, and the Sixth Circuit denied his request for a certificate of appealability. See C.A. No. 11-4110. Since then, Lewis has repeatedly but unsuccessfully attacked his criminal judgment in the Southern District of Ohio and the Sixth Circuit; after denying what it calculated as his 18th motion for relief from judgment, the District Court enjoined Lewis from filing further motions attacking his judgment. See D.C. dkt. #313 (April 26, 2018 order).

Lewis has now begun contesting his judgment in the Middle District of Pennsylvania, his district of incarceration. In April 2018, he filed a petition under 28

U.S.C. § 2241, claiming that, under the Supreme Court's decision in Whitfield v. United States, 135 S. Ct. 785 (2015), he was actually innocent of violating § 2113(e). The District Court dismissed Lewis's petition, ruling that he could raise this claim only, if at all, in a motion under 28 U.S.C. § 2255. Lewis appealed, and we summarily affirmed. See Lewis v. Warden Lewisburg USP, 735 F. App'x 43 (3d Cir. 2018) (per curiam) (non-precedential).

Lewis then filed another § 2241 petition, claiming to be actually innocent of the § 924(c) conviction in light of Rosemond v. United States, 572 U.S. 65 (2014), in which the Supreme Court held that a defendant can be convicted of aiding and abetting a § 924(c) offense only if the Government proves that he "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 67. The District Court again dismissed the petition, and Lewis took this appeal.

We agree with the District Court's disposition of this case. As we have previously explained, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). This exception is narrow and applies in only rare circumstances.

3

See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). In In re

Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could

apply where an intervening change in the law decriminalized the conduct for which the

petitioner had been convicted.

Lewis argues that this exception applies here because, under Rosemond, he is

actually innocent of violating § 924(c). Rosemond addresses the standards for liability

under an aiding-and-abetting theory. See Rosemond, 572 U.S. at 67. Lewis, however,

pleaded guilty under a Pinkerton[1] theory of liability. See United States v. Ramos, 147

F.3d 281, 286 (3d Cir. 1998) (explaining that under Pinkerton, a defendant "is liable for

the reasonably foreseeable acts of his coconspirators committed in furtherance of the

conspiracy"); S.D. Oh. Cr. A. No. 08-cr-00175 dkt. #168 at pgs. 2-3 (quoting plea

agreement, in which Lewis admitted that he and other men "agree[d] to rob the Key

Bank," and that a confederate's "firings of the handgun helped advance and were within

the reasonably foreseeable scope of the agreement to rob the bank").

Aiding and abetting and Pinkerton co-conspirator liability are alternative theories.

See United States v. Am. Inv'rs of Pittsburgh, Inc., 879 F.2d 1087, 1100 (3d Cir. 1989);

see also United States v. Bingham, 653 F.3d 983, 997 (9th Cir. 2011) ("aiding-and-

abetting liability differs from Pinkerton liability"). Therefore, Lewis has not shown that

Rosemond undermines his conviction. See United States v. Hare, 820 F.3d 93, 105 (4th

---

[1] Pinkerton v. United States, 328 U.S. 640 (1946).

4

Cir. 2016) (ruling that even if district court had erroneously instructed jury on aiding-and-abetting theory under <u>Rosemond</u>, the error did not affect defendants' substantial rights because the verdicts could be "sustained under the <u>Pinkerton</u> theory of liability").

Accordingly, we will summarily affirm the District Court's judgment.